BALTIMORE BUILDING & LOAN ASS'N et al. v. ALDERSON.

(Circuit Court of Appeals, Fourth Circuit. November 1, 1898.)

No. 269.

1. JURISDICTION OF FEDERAL COURTS—APPOINTMENT OF RECEIVER FOR PROPERTY OUTSIDE OF DISTRICT.

A resident and citizen of Maryland, who was a stockholder in a West Virginia corporation, brought a suit in the federal court in West Virginia against the corporation for the appointment of a receiver for its property, which was situated in Maryland, with authority to complete and furnish an unfinished hotel building thereon, and to issue receiver's certificates therefor. Lienholders who were citizens of Maryland were made defendants, but in an amended bill only the corporation was named as defendant. A receiver was appointed, who completed the building, issuing receiver's certificates for the cost. The Maryland lienholders, on their application, were permitted to become parties and to prove their liens. Under a subsequent order the property was sold, and an order distributing the proceeds made, which gave the receiver's certificates priority. *Held*, that the lienholders were necessary parties to the suit, and being citizens of the same state as complainant, and the property being situated outside of its district, the court was without jurisdiction, and the entire proceedings were coram non judice and void.

**2. CORPORATIONS—POWERS OF COURT OVER PROPERTY—RECEIVER'S CERTIFI-CATES.**

    A court cannot authorize the issuance of receiver's certificates for the purpose of improving or adding to the property of a private corporation, or of carrying on its business, without the consent of creditors whose liens would be affected thereby.

Appeal from the Circuit Court of the United States for the District of West Virginia.

This was a suit in equity by Joseph C. Alderson, a stockholder, against the Loch Lynn Heights Hotel Company and others, for the appointment of a receiver, and other relief. From orders confirming a sale of the property, and distributing the proceeds, the Baltimore Building & Loan Association and others, lienholders, appeal.

Fielder C. Slingluff and J. G. McCluer (Dave D. Johnson, on brief), for appellants.

Henry M. Russell (J. G. Sommerville, on brief), for appellee.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This is an appeal from decrees of the circuit court of the United States for the district of West Virginia. The case is complicated, and a full statement is necessary.

The original bill was filed on 3d June, 1895, by Joseph C. Alderson, a citizen and resident of the state of Maryland, a stockholder in the Loch Lynn Heights Hotel Company, against the Loch Lynn Heights Hotel Company, a corporation of the state of West Virginia; William F. Williams, administrator of Enos R. Williams, a citizen and resident of the state of New Jersey; W. S. Boody, Joseph H. Henry, also citizens of New Jersey; P. T. Garthright, C. M. Rathbun, John A. Wolf, G. A. Shirer, William C. Sisk, Frank H. Thrasher, citizens of the state of Maryland; William Rulifson and ———— Culkins, citizens of the state of New York; George M. Whitescarver, William A. Wilson, J. B. Sommerville, John T. McGraw, and Louis Walters, citizens of West Virginia; the Mountain Home Company, a corporation of West Virginia; and the Baltimore Building & Loan Association, a corporation of the state of Maryland. The bill stated: That the defendant the Loch Lynn Heights Hotel Company, having purchased a tract of land of 1.128 acres in Garrett county, in the state of Maryland, had entered into a contract with Enos R. Williams on the ———— day of ————, 1894, to erect an hotel building thereon. That, shortly after he made the contract, Enos Williams took with him into co-partnership W. S. Boody and William F. Williams, and that the corporation recognized the firm as the contractors. On 16th March, 1895, the Mountain Home Company conveyed two tracts of land adjacent to that on which the hotel was in course of erection to the Loch Lynn Heights Hotel Company,—one of 2.01 acres, and the other of $12\frac{1}{3}$ acres. The first was for no money consideration, but for certain advantages to the grantor. The second was for the sum of $2,733.33, represented by a note not yet paid. On the 18th March, 1895, the Loch Lynn Heights Hotel Company executed to the Baltimore Building & Loan Association a mortgage

of all its property for the sum of $10,000, then borrowed from the association. This sum is still unpaid. That this money was paid to the contractors. That, Enos Williams having died, the surviving partners first undertook to finish the contract, but soon abandoned it and the work, and left the state of Maryland, with many debts behind them for work and labor done on the hotel. That the hotel being unfinished, although some $20,200 had been paid thereon, the subcontractors filed mechanics' liens against the hotel,—in the aggregate, $5,040.84. These contractors are named, and are parties to the bill. That complainant is not only a stockholder, but also a creditor of the company. That a contract had been entered into for leasing the hotel to Mrs. Lillie B. C. List for three years, the company to furnish it, and that it was important to furnish the hotel and fulfill this contract of lease. Whereupon the bill prays that a receiver be appointed to take charge of the property, with authority to borrow money and complete and furnish it; with authority, also, to lease it; with further authority to borrow money on receiver's certificates to pay insurance on the hotel and its furniture, and to pay the interest, dues, and other charges of the Baltimore Building & Loan Association,—praying also that an account be taken of all outstanding debts of the hotel company. Upon filing the bill, one J. B. Sommerville was appointed the receiver, with all the authority, as to completing and furnishing the hotel, borrowing money, and issuing receiver's certificates, asked for in the bill. Subpœna ad respondendum was issued, and service was accepted 10th June, 1895, thereon, for C. M. Rathbun, William C. Sisk, Frank H. Thrasher, and the Baltimore Building & Loan Association,—all citizens of the state of Maryland. On 13th June, 1895, the receivership was made permanent. On 17th July, 1895, the defendants, who were served as above, entered special appearance, and moved to quash the return to the subpœna on the ground that they were not citizens or residents of the state of West Virginia, and the returns of the writ in Maryland could not be adopted by the marshal of the district of West Virginia. The record does not disclose any action of the court on this motion, nor is there any order of discontinuance as to these defendants. But on 14th October, 1895, an amended bill is filed by the complainant, in which only the Loch Lynn Heights Hotel Company is made the party defendant, no other names having been mentioned. On the same day the receiver filed his report of his transactions as receiver, carrying out the instructions of the court, and exercising the powers conferred on him, especially in the matter of making contracts for completing and furnishing the hotel, and of issuing receiver's certificates therefor, of which he had already issued certificates for over $9,000.

Just here arises a grave question of jurisdiction. It goes without saying that the original bill, on its face, shows that the court had no jurisdiction. A citizen of Maryland brings the bill, and citizens of Maryland are among the defendants. Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287; Godfrey v. Terry, 97 U. S. 175; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303. It is true that if the defend-ants who are citizens of the same state as complainant are not in-

dispensable parties, so that a decree can be made without necessarily affecting them, the objection can be obviated by dismissing the bill as to them. Horn v. Lockart, 17 Wall., at page 579. But the purpose and scope of this bill was to authorize the expenditure of money in completing and furnishing the hotel, paying therefor in receiver's certificates, and thus creating a lien prior to all other liens. In such a decree the defendants, citizens of Maryland, holders of mechanics' liens, and the Baltimore Building & Loan Association, a citizen of Maryland, holder of a prior mortgage, were essential and indispensable parties, directly and ultimately affected by the proposed decree. In this private corporation their consent was indispensable to the issue of receiver's certificates. Hanna v. Trust Co., 36 U. S. App. 62, 16 C. C. A. 586, and 70 Fed. 2. So the court had no jurisdiction. We may, however, construe the leave to file the amended bill, in which the names of all the other defendants but the hotel company were left out, as practically dismissing the bill as to them. Has anything occurred since that time in this case giving the court jurisdiction over the whole subject? The amended bill was filed 14th October, 1895. On 28th October, 1895, a general appearance was entered in the name of the Baltimore Building & Loan Association by Thomas J. Peddicord, attorney. On 14th January, 1896, an order of the court was entered:

"This day came William Rulifson and John A. Culkins, partners as Rulifson & Culkins, and the said William Rulifson and John A. Culkins individually, by Thomas J. Peddicord, Esquire, their attorney, and, with leave of the court, filed their petition in this cause, praying that they be made parties herein, and asserting a lien upon certain of the property in the bill mentioned; also came the Baltimore Building & Loan Association, of Baltimore, by the said Thomas J. Peddicord, Esquire, its attorney, and, with leave of the court, filed its petition in this cause, praying that it may be made a party herein, and asserting a lien upon the said property; also came P. T. Garthright, Hanson B. Lewis, A. S. Teats, C. M. Rathbun, John A. Wolf, G. A. Shirer, Pickens Lumber Company, William C. Sisk, Frank H. Thrasher, John A. Connell, and Joseph Henry, by Gilmer S. Hamill, Esquire, their attorney, and filed their petition in this cause, praying to be made parties herein, and respectively asserting liens upon certain of the said property. Thereupon the said William Rulifson, John A. Culkins, the Baltimore Building & Loan Association, P. T. Garthright, Hanson B. Lewis, A. S. Teats, C. M. Rathbun, John A. Wolf, G. A. Shirer, Pickens Lumber Company, William C. Sisk, Frank H. Thrasher, John A. Connell, and Joseph Henry are, on their respective motions, made parties defendant herein, with leave to them respectively to prove their claims before the master hereinafter named."

Following this is an order for the sale of the whole property by the receiver, with directions to a master to take, state, and report an account of the liens upon the property, and the different parties thereof. This order bears the consent in writing of all the defendants named. Thus, these parties, by their action, made themselves parties to these proceedings. On 3d April, 1896, suggestion having been made that the complainant was a citizen of the state of West Virginia, and not of the state of Maryland, the court, hearing the evidence on this point, adjudged that Joseph C. Alderson was when this suit began, and has since remained, a citizen of the state of Maryland. Thus, we have a suit between a citizen of Maryland, complainant, and citizens of Maryland, de-

fendants. The inherent constitutional limitation of the judicial power of the court forbids it to take jurisdiction. This jurisdiction depends upon the constitution of the United States, and the laws passed thereunder. Consent of parties cannot give or create jurisdiction. The Lucy, 8 Wall. 309; Bank v. Calhoun, 102 U. S. 260. There are cases in which diversity of citizenship is not essential to the jurisdiction,—among these, cases in which the property, the subject-matter of this suit, is already rightfully in the hands of a receiver of the circuit court. Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., 137 U. S. 201, 11 Sup. Ct. 61; Minnesota Co. v. St. Paul Co., 2 Wall. 609; Bank v. Calhoun, 102 U. S. 256; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. But in this case the order appointing the temporary receiver and the order making the receivership permanent were both made when citizens of the same state were on both sides of the record, and both orders were clearly without the jurisdiction of the court; and, when the order for sale was made, "it could not bind the parties and waive previous errors" (Railroad Co. v. Ketchum, 101 U. S. 298), for that same order made parties defendant citizens of the same state as the complainant.

It is more questionable whether the court in this case could put its receiver in control of realty situate in another district. It is true that, from well-settled principles, the jurisdiction of a court of equity may be upheld in disposing of lands in another state whenever the parties or the subject, or such portion of the subject as is within the jurisdiction, are such that an effectual decree can be made and enforced so as to do justice. Ward v. Arredondo, 1 Paine, 410, Fed. Cas. No. 17,148. But, to give jurisdiction, either the thing to be acted on, or the person of the defendant, must be within the jurisdiction. Brown v. McKee, 1 J. J. Marsh. 474; Muller v. Dows, 94 U. S. 444. Courts of chancery doubtless have power to compel persons subject to their jurisdiction to execute conveyances of property located in a foreign state, which will generally be respected by the courts of the latter sovereignty, if executed in conformity with its laws. Phelps v. McDonald, 99 U. S. 298; Miller v. Sherry, 2 Wall. 237; Watkins v. Holman's Lessee, 16 Pet. 25; Mitchell v. Bunch, 2 Paige, 606. By means of such orders, and conveyances made thereunder, a court may be able to vest its receiver with the title to realty situate in a foreign jurisdiction. But an order appointing a receiver of realty has no extraterritorial operation, and cannot affect the title to real property which is located beyond the jurisdiction of the court by which the order was made. See Schindelholz v. Cullum, 5 C. C. A. 301, 55 Fed. 885, and 12 U. S. App. 242. See, also, Booth v. Clark, 17 How. 322. In the case before us a receiver was appointed solely to take charge of and manage realty in another district, notwithstanding the fact that certain indispensable parties were not within the jurisdiction of the court. An order for sale of the same realty was made; the property not being within the jurisdiction, and the parties not being legally present. The suit was of a local nature; its object being, as stated in the original bill, to have a receiver appointed

to take charge of an hotel in Maryland, with authority to borrow money on receiver's certificates to complete and furnish it, and then to lease it to a tenant. The amended bill, filed after the issue of the receiver's certificates, states its object to be the continuance of the possession and charge of the hotel property by the receiver until the sale asked for was had. The whole proceeding was coram non judice. The receiver was authorized to incumber property, outside of the judicial district of the court which appointed him, with debts declared to be prior to the vested liens; the holders of these liens not consenting, and not being within the jurisdiction of the court. In 3 Pom. Eq. Jur. § 1318, it is said:

"Where the suit is strictly local, the subject-matter specific property, and the relief, when granted, such that it must act directly upon the subject-matter, and not upon the person of the defendant, the jurisdiction must be exercised in the state where the subject-matter is situated." Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. 233, 242.

But if it be assumed, for the sake of argument, that the amended bill cured all objection to the jurisdiction; that the court, then having before it the defendant corporation only, and so in control of the corporation, could act on its property outside of the district; that, when the defendants came in and asked to be made parties, their application operated only as an intervention for the purpose of proving their claims; that the jurisdiction of the court can thus be maintained, notwithstanding the citizenship of the parties (Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., supra; Heidritter v. Oil-Cloth Co., 112 U. S. 304, 5 Sup. Ct. 135; Phelps v. Oaks, 117 U. S. 236, 6 Sup. Ct. 714; Krippendorf v. Hyde, supra),—the question then arises as to the priority in lien of the receiver's certificates over all the other liens. The Loch Lynn Heights Hotel Company is a private corporation, in no wise of a public or quasi public character,—a purely private concern. The bill is filed by a stockholder, who is also a simple-contract creditor. Because of the peculiar nature of the duties of a railroad corporation,—especially of the interest which the public has in keeping it a going concern,—receiver's certificates are sanctioned in railroad receiverships. The power of the court to issue them has been established beyond question. Wallace v. Loomis, 97 U. S. 162; Fosdick v. Schall, 99 U. S. 254; Mercantile Trust Co. v. Kanawha & O. Ry. Co., 7 C. C. A. 3, 58 Fed. 6. But the principles upon which this doctrine rests have no application whatever to private enterprises which owe no duty to the public. In the case of private corporations the court cannot authorize the issue of receiver's certificates for the purpose of improving, adding to, or carrying on the business of the company, without first having the consent of creditors whose liens would be affected thereby. Farmers' Loan & Trust Co. v. Grape Creek Coal Co., 50 Fed. 481. In Raht v. Attrill, 106 N. Y. 423, 13 N. E. 282, the precise question which is now under discussion came up and was decided. An hotel company mortgaged its property to raise funds to build an hotel. Before completion, the corporation became insolvent, and upon the application of its principal stockholders a receiver was appointed; and upon an applica-

tion and showing that the wages of the men who worked on the hotel building were unpaid, and they threatened, unless paid, to burn the building, the court made an order authorizing the receiver to issue certificates, which were declared to be a lien prior to the first mortgage, to raise funds to pay the wages of the laborers. After an exhaustive discussion, the court held that these certificates, issued without the consent of the prior lienholders, did not displace their lien. The same question came before the circuit court of appeals of the Eighth circuit in Hanna v. Trust Co., 36 U. S. App. 62, 16 C. C. A. 586, and 70 Fed. 2, and the same conclusion was emphasized and enforced. See, also, Hooper v. Trust Co., 81 Md. 559, 32 Atl. 505. From this point of view, the mortgage held by the Baltimore Building & Loan Association, and the lien of the holders of the mechanics' liens, are not subject to the prior lien of the receiver's certificates. As between the holders of mechanics' liens and the Baltimore Building & Loan Association, it appears from the record that the work and labor secured by the liens were all done on the hotel while the hotel company owned the 1.128 acres, and before the acquisition of the rest of the realty now held by the hotel company. The mortgage of the Baltimore Building & Loan Association covers all the realty, and is, as to all but the 1.128 acres, a prior lien.

We have striven anxiously to find some way in which this appeal could be disposed of without undoing all which has been done with so much expenditure of time, and at such cost. But we have been unable to do so. As has been seen, all the orders and decrees procured were entered in a cause in which the court had no jurisdiction. They were outside of the constitutional limitation of the judicial power of the court. They were void, not voidable. The inevitable result is that they must be vacated. The cause is remanded to the circuit court, with instructions to vacate the order ratifying the sales made by the receiver, and the order distributing the purchase money, and that it direct that the payments made by the purchasers be returned to them; that the decree for sale be set aside, and the bill dismissed. The costs to be paid by the appellee. Reversed.