PACIFIC NORTHWEST PACKING CO. v. ALLEN et al.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1901.)

No. 658.

1. APPEAL—ORDERS APPEALABLE—APPOINTMENT OF RECEIVER.

Under section 7, Act March 3, 1891, creating the circuit courts of appeals, as amended by Act June 6, 1900 (31 Stat. 660), which gives a right of appeal "where upon a hearing in equity * * * an injunction shall be granted or continued or a receiver appointed by an interlocutory order or decree," where a receiver was appointed ex parte, and without notice or a hearing, an appeal lies from a subsequent order confirming such appointment, made on the hearing of an application by defendant for the receiver's discharge; such order being the first adjudication of the question of the propriety of such appointment made "upon a hearing," and, by a fair construction of the act, the one from which it is intended to give the right of appeal.

2. RECEIVER—GROUNDS FOR APPOINTMENT.

The appointment of a receiver for a corporation engaged in canning salmon, on application by its principal creditor, who holds a mortgage upon its entire plant, machinery, and tools, and a vessel used in its business, is warranted, where it appears from the showing made that the corporation is largely indebted and probably insolvent; that it has numerous creditors, some of whom have brought actions against it; and that it is to the interest of all parties that its business be continued through the canning season.

Appeal from the Circuit Court of the United States for the District of Washington.

Bausman, Kelleher & Emory and Wm. B. Allison, for appellant.
Preston, Carr & Gilman, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellees move to dismiss the appeal for the reason that no appeal lies from the order from which it is attempted to be taken. On September 8, 1900, at the beginning of the suit upon reading and filing the bill, upon motion of the complainant the court appointed John H. McGraw receiver, without notice, and directed him to forthwith take possession of the property involved in the suit. The record shows that on the same date the receiver qualified and filed his bond. On October 15, 1900, the defendant, the Pacific Northwest Packing Company, moved the court

to set aside the order appointing the receiver. On October 25, 1900, the court made the order from which the present appeal is taken. The order recited that upon the affidavits submitted on said hearing it had been made to appear, and the court so found, that on September 8th, and within an hour after the appointment of the receiver, the defendant had received notice thereof. The order confirmed the appointment of the receiver, and directed that he be continued as receiver of all the mortgaged property, and it denied the motion to vacate and set aside the previous order of September 8, 1900. By the act of June 6, 1900 (31 Stat. 660), there was created the right to appeal to the circuit courts of appeals from an interlocutory order appointing a receiver. The act amended the act of March 3, 1891, so that it shall read as follows:

"Sec. 7. That where, upon a hearing in equity in a district court or in a circuit court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the circuit court of appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree."

We think the appeal is properly taken from the order of October 25, 1900. It is true, that order was not the order by which the receiver was originally appointed, but it was the first order made upon a hearing concerning the question of such appointment. The former order was ex parte. It was made without a hearing. In order to a hearing, it was necessary to give the defendant notice, and the opportunity to appear and contest the application. This was not done until the hearing of October 25th, which was had upon the motion to vacate the appointment. Then, for the first time, the court heard the objection of the defendant to the appointment of a receiver, and then, for the first time upon a hearing, adjudicated the question of the propriety of such appointment. By the amendment of June 6, 1900, it was intended to create the right of appeal from every order appointing a receiver upon a hearing. It was not intended to make appealable an appointment ex parte. The act secures a substantial right—the right of appeal—to every defendant whose property is taken from his possession by a receivership, but it requires that the judgment of the court appointing the receiver shall first be had upon a hearing concerning the necessity of such appointment. The act must be given a fair construction, to conserve the purposes intended to be secured by it. For the purposes of the present appeal, we hold that the order confirming the appointment of the receiver upon the hearing was an order appointing the receiver. It stands as if no other order had preceded it. To rule otherwise would be to hold that there is no appeal from the action of the court in taking from the possession of the defendant his property through a receiver, in case the order appointing the receiver was first obtained ex parte. Such a construction would defeat the purpose of the act. The evident intention of the act was to give to the circuit court of appeals the right to review the action of a circuit or

district court in an equitable proceeding, in taking from defendant by an interlocutory order the possession of his property through a receiver, but at the same time to require, as a prerequisite to such appeal, that the question of the propriety and necessity of the appointment of a receiver should be first adjudicated upon a hearing in the court which made the same. In other words, the intention was to create the right of one appeal from every order appointing a receiver where there had been a hearing. In this view of the statute, it is not necessary that the original appointment and the hearing be coincident in time. The substance of the right conferred was the right to appeal from the decision of the court upon such a hearing. The motion to dismiss will be overruled.

It is contended that, upon the case made upon the bill and the affidavits in the circuit court, no ground was shown for the appointment of a receiver. The bill is brought to foreclose certain mortgages made upon property situate on leased premises, and which cover the lease, the wharf and cannery buildings and other structures erected on the premises, together with certain listed and described personal property, which constituted the tools, machinery, stock in trade, and outfit of the cannery and the cannery plant, and a certain vessel, named the "Albert Lea," together with her tackle, apparel, and furniture. The bill alleges that said mortgages were made to secure notes, the first of which was made on October 20, 1898, for $15,000, the second May 11, 1900, for $25,734, and certain advances which had been agreed to be made to the corporation by the complainant, amounting to $6,687.50, and further advances in the sum of $10,000 subsequently made. It further shows that at different dates from July 20 to August 18, 1900, the complainant loaned the corporation various sums, aggregating $12,500; that the corporation has failed and refused to pay taxes on the mortgaged property amounting to $385.67, which the complainant has been obliged to pay, and the corporation has refused to insure the mortgaged property as required by the terms of the mortgage, so that the complainant has been required to pay therefor $1,245.45; that no portion of the indebtedness described in the mortgages had been paid, although payment had been demanded, and that the complainant considered his security "insecure"; that the defendant is engaged in the salmon-canning business, and is operating said cannery, and is operating the vessel the Albert Lea in connection therewith; and that in order to prevent shutting down said cannery, and the loss that would be thereby entailed to the complainant, it is necessary to appoint a receiver to carry on the business and operate the cannery and the said steamer. Upon the hearing which was had it was shown by affidavit that prior to July 5, 1900, the corporation had become involved in financial difficulties; that at that time the officers of the corporation represented to the complainant that if additional money could be obtained for use in its business, with which to tide over its difficulties until the salmon run should set in, the company would be able to defray the expenses of such loan out of the profits of that season, and make payments on its old indebtedness; that, relying on such representations, the complainant made the advances which are referred to in the bill; that on

August 27, 1900, the secretary of the company entered into negotiations with the complainant with a view to satisfying certain other creditors of the corporation, to prevent their interference with the company until after the close of the salmon season; and that said negotiations were unsuccessful. The affidavit shows that steps were taken to compromise with creditors, and states facts which indicate that the corporation was in financial straits and was unable to meet its obligations. It appears also from the record that on October 8, 1900, an action was commenced in the superior court of King county, Wash., by F. W. Coler against the Pacific Northwest Packing Company upon a promissory note of $1,000 given by the corporation to the Seattle National Bank, in which action the attorneys of the Pacific Northwest Packing Company, who now represent that company on the appeal to this court, appeared for the plaintiff and obtained in said superior court an order appointing Edward Byrnes receiver of all the property of the Pacific Northwest Packing Company, upon allegations that the Pacific Northwest Packing Company was insolvent and unable to pay its debts, and that different creditors threatened to bring suits against it. It appeared also by an affidavit filed upon said hearing that the officers of the corporation had acquiesced in the appointment of the receiver which was made by the circuit court, and that the receiver had employed the president of the corporation to assist him in taking an inventory of the company's property, and for four weeks paid him for such services, and that the vice president of the company had also assisted the receiver, and had acquiesced in his appointment. It must be borne in mind that it is the order of October 25th that is involved in this appeal, and not alone the original order appointing a receiver. It is foreign to the inquiry, therefore, to refer to the showing which was made upon the filing of the bill, and to say that the bill lacked the necessary averments to justify the order. We must be guided by the showing which was made at the time when the court made the order which is appealed from. We think it may be inferred from the allegations of the bill that the defendant corporation was at the time of filing the bill insolvent, and that the complainant's security, without the intervention of the court by a receiver, would have been insufficient. But, however that may be, we entertain no doubt that upon the showing made at the hearing the court was fully justified in then ordering that the receivership be continued. American Nat. Bank v. Northwestern Mut. Life Ins. Co., 32 C. C. A. 275, 89 Fed. 610; Central Trust Co. v. Chattanooga, R. & C. R. Co., 36 C. C. A. 241, 94 Fed. 275; Kountze v. Hotel Co., 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609; Grant v. Insurance Co., 121 U. S. 105, 7 Sup. Ct. 841, 30 L. Ed. 905. The order of the circuit court will be affirmed.