AMERICAN MANGANESE STEEL CO. v. ALASKA MINES CORP. et al.

(Circuit Court of Appeals, Ninth Circuit.   May 6, 1918.)

No. 3076.

1. RECEIVERS ⬤⟿19—AGREEMENT—GROUNDS FOR DENIAL.
   Where defendant was not insolvent, and no irreparable injury could result from refusal, the denial of complainant's motion for appointment of a receiver, to take into custody property which complainant asserted it was entitled to subject to its claim, was not error.

2. RECEIVERS ⬤⟿8—APPOINTMENT—DISCRETION OF COURT.
   One complaining of the denial of his motion for appointment of a receiver pending suit, in order to prevail, must show a right to the appointment of the receiver as a matter of law, and that the trial court grossly abused its discretion in denying the motion.

3. RECEIVERS ⬤⟿19—AGREEMENT—GROUNDS FOR DENIAL.
   In a suit to subject to its claim property in the possession of defendant, etc., the denial of complainant's motion for the appointment of a receiver *held* proper, on the ground that defendant's assets were considerably in excess of its liabilities, and were not in danger of loss from insolvency, etc.

Appeal from the District Court of the United States for the Second Division of the District of Alaska; J. R. Tucker, Judge.

Bill by the American Manganese Steel Company against the Alaska Mines Corporation and others.  From an order denying the appointment of a receiver, plaintiff appeals.  Affirmed.

The appellant, in its bill in equity in the court below, alleged that on September 14, 1914, it was prosecuting an action in a court of Pennsylvania against the Nome Consolidated Dredging Company, a corporation of the state of Washington, to recover judgment on promissory notes, and that about two years later it recovered judgment for $30,920; that the appellant sued the Dredging Company on said judgment in Alaska, where it was doing business, and recovered judgment thereon, but execution on the judgment was returned nulla bona; that on September 14, 1914, the Dredging Company executed to a trustee a mortgage of all its property to secure $25,000, and two days later, with intent to defraud creditors, including the appellant, it executed a mortgage for $200,000; that both said mortgages were executed in pursuance of a fraudulent scheme, whereby it was intended that on the foreclosure of the same all of the property of the Dredging Company should be so sold as to shut out creditors and all stockholders, except a certain favored few; that at the time when the mortgages were made the Dredging Company was insolvent; that the fraudulent scheme was carried out, and the parties thereto organized the appellee corporation; that the foreclosure of said mortgages was conducted by Powell, the vice president of the Dredging Company, and the whole of said property was bid in by him for the sum of $23,000, and the same was thereafter transferred to the appellee; that said property consists of mines, dredges, machinery, mining claims, and other equipment; that the said mining claims are valuable only for the gold therein contained, and when the same is mined therefrom they will be rendered valueless, and the said machinery and equipment is being worn and depreciated, and in time will be rendered valueless, and that the appellee threatens to otherwise dispose of said assets and refuses to recognize any interest therein of the Dredging Company; that the appellant is unable to collect its debt, or any part thereof, from the Dredging Company, and that it has no other remedy than a suit to subject said assets to the payment of its claim; that it is necessary for the court to appoint a receiver to take possession of all of said assets and preserve the same for distribution.  The appellee an-

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

swered, denying fraud, and alleging itself to be a bona fide purchaser for value of the property so sold on mortgage foreclosure.

The application for the appointment of a receiver was based upon the bill, the affidavit of one of the attorneys for the appellant, and the records and files of the foreclosure suit. On the hearing of the order to show cause, the appellant offered in evidence the annual statement of the Dredging Company, signed by said Powell, and Powell's deposition, taken in the case of Schofield v. Powell while the foreclosure proceedings were pending, the deposition of Schofield, and the deposition of Powell taken in the present suit on September 5, 1917. The appellee opposed the application, relying on its answer and several affidavits, and the court, in consideration solely of the relative assets and liabilities of the appellee, was of the opinion that the application for a receiver should be denied, for the reason that the evidence showed affirmatively that the appellee's property was not in danger of loss from waste or insolvency, and that its assets were considerably in excess of its liabilities. From the order of the court denying the application this appeal is taken.

William A. Gilmore, of Seattle, Wash., and T. M. Reed, of Nome, Alaska, for appellant.

W. H. Bogle, F. T. Merritt, Lawrence Bogle, Thomas R. Lyons, and Ira D. Orton, all of Seattle, Wash., O. D. Cochran, of Nome, Alaska, and Lyons & Orton, of Seattle, Wash., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It may be conceded that the appellant presented to the court below a strong prima facie showing of fraud in the manner of the appellee's acquisition of the property of the Dredging Company, and of notice to the appellee of the fraud; but that was not all that was necessary to show in order to entitle the appellant to the appointment of a receiver. It was required to go further, and show the necessity of the appointment for its protection while the suit was pending in the court below. To establish the necessity of the appointment of a receiver in an equitable suit such as this, it must be shown by clear proof that there is imminent danger that, unless a receiver is appointed, the property involved will deteriorate in value or be wasted, and that the plaintiff will thereby suffer irreparable loss. And there can be no irreparable loss if the defendant is solvent and able to satisfy the plaintiff's demand. International Trust Co. v. Decker Bros., 152 Fed. 78, 81 C. C. A. 302, 11 L. R. A. (N. S.) 152; Overton v. Memphis, etc., R. Co. (C. C.) 10 Fed. 866; Ryder v. Bateman (C. C.) 93 Fed. 16; Folk v. United States, 233 Fed. 177, 147 C. C. A. 183.

[2] Again, in order to prevail on this appeal, the appellant must show that it was entitled to the appointment of a receiver as a matter of law, and that the court below grossly abused its discretion in denying it. Briggs v. Neal, 120 Fed. 224, 56 C. C. A. 572; Heinze v. Butte & Boston Consol. Min. Co., 126 Fed. 1, 11, 61 C. C. A. 63; American Grain Separator Co. v. Twin City Separator Co., 202 Fed. 202, 120 C. C. A. 644. In this case there was clearly no abuse of discretion in denying the appointment.

[3] On the hearing it was shown that the capital stock of the appellee is $10,000,000, of which $2,000 has been paid in money and $3,701,820 was claimed to have been paid in property; that the assets

were $2,000,000, consisting of certain mining claims, a power plant, and dredges; that the liabilities were $406,000, of which $300,000 was secured by mortgages on the property. A mining engineer in the employment of the appellee deposed that large sums of money had been expended in repairing and fitting up the dredges which had formerly belonged to the Dredging Company, and that as so repaired the same, together with the power plant, were worth $565,000, and that the appellee was employing from 30 to 50 men daily. There was no convincing showing that the appellee's mining operations were likely to diminish to any considerable extent the value of the mining claims pending the suit. The court below considered and weighed the proofs for and against the application, and reached the conclusion that the assets of the appellee were considerably in excess of its liabilities, that the appellee was a going concern, and that its assets were not in danger of loss from neglect, waste, or insolvency.

The order is affirmed.