### BRICTSON MFG. CO. v. WOODROUGH, District Judge.

(Circuit Court of Appeals, Eighth Circuit. October 24, 1922.)

No. 227.

**Appeal and error ⊚⟹1207(1)—Effect of mandate to dismiss receivership stated.**

Where appointment of receiver in stockholders' suit was reversed for lack of jurisdiction of the trial court and case remanded with directions that the receiver be required to return all property in his hands to those from whom he received it and that the bill of complaint be dismissed, it was error for the trial court to dismiss the complaint but to order that property in the receiver's hands be impounded in his hands pending further proceedings on an intervention petition; for, where possession of property is acquired without jurisdiction, such possession will not itself confer jurisdiction, and Equity Rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), requires that intervention shall be "in recognition of the propriety of the main proceeding," which in the instant case had not only been decided to be improper but had been dismissed.

Petition for a Writ of Mandamus.

Mandamus by the Brictson Manufacturing Company against J. W. Woodrough. Writ to issue in the event of respondent's noncompliance with views expressed in opinion.

M. E. Culhane, of Minneapolis, Minn., and Frank L. Weaver and William M. Giller, both of Omaha, Neb., for petitioner.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

F. A. Mulfinger and Robert J. Webb, both of Omaha, Neb., for respondent.

Before LEWIS and KENYON, Circuit Judges, and YOUMANS, District Judge.

PER CURIAM. The respondent, District Judge, refused to comply fully with the mandate of this court issued in Brictson Mfg. Co. v. Close et al., 280 Fed. 297. That was a stockholders' suit, in which a receiver of all of the corporate assets was appointed, on a complaint in which the relief sought was a dissolution and liquidation of the corporation and its affairs, if a reorganization was not brought about in the meantime; but we held that neither pleadings nor proof brought the controversy within the chancellor's reach, that the matters complained of could be dealt with only by stockholders and directors of the corporation, that there was an abuse of discretion in appointing the receiver, and that the District Court was without jurisdiction to proceed in the cause for any purpose or to give any relief. Our conclusion was that restoration to the lawful owner of property that had been taken from its possession under the forms of law, but without right, should be made; and so the mandate, after ordering a reversal and the cause remanded, commanded action by the District Court in these plain and unmistakable words:

"That the receiver be required to return all property in his hands to those from whom he received it, that he be thereupon discharged, and that the bill of complaint be dismissed at complainants' costs."

It pointed out the consecutive steps in obviously appropriate procedure. But the action of respondent, when moved to enter decree on the mandate, was this: It was ordered that the complaint of Close et al. be dismissed at their cost, that property in the hands of the receiver be "impounded in the hands of the receiver until further proceedings are had on the petition as to intervention," that action on that part of the mandate which required that the receiver be directed to return the property in his hands to those from whom he had received it be suspended; and afterward, but on the same day, it was ordered that other stockholders who were seeking to intervene in the suit of Close et al. be permitted to do so. We pass by the fact that the suit of Close et al. was not pending, but had been dismissed out of court when leave was granted to intervene therein. Thereupon petition of the Brictson Manufacturing Company was filed here, in which it is prayed that the writ of mandamus issue to compel respondent to comply with the mandate. Rule to show cause issued, and respondent has made his return thereto. He admits the facts that have been stated, and then sets up as causes and reasons why he did not comply fully with the mandate of this court, and why the writ prayed for should not issue against him, the substance of a part of the allegations found in the so-called petition in intervention of a large number of other stockholders in the Brictson Manufacturing Company. That petition is also in the record here. It repeats in general terms what we found and considered and passed upon in the suit of Close et al., and adds thereto a charge that the petitioners were each induced to buy the shares which they respectively hold in the Brictson Company through

false and fraudulent representations made to them in behalf of that company, and on that they say they rescind their purchases, and ask the court to declare that they have liens on the present assets of the company for the several sums which they paid for their shares, and that each be given his pro rata share thereof because there is not sufficient to pay them all in full. It is further alleged that the officers and directors of the Brictson Company do not live in Nebraska, that they have secreted themselves so that process cannot be served, that it is their intention to remove all assets of said company (a South Dakota corporation) from the jurisdiction of the court for the purpose of avoiding payment of the obligations to interveners, that Brictson and the other officers and directors of the company were represented to petitioners as being capable and honest business men, and that they were neither, and that indictments have lately been returned against Brictson on account of some of his acts as officer of the company. It also appears that the petitioning stockholders have a small minority of the issued and outstanding shares. These alleged facts, says the learned district judge, caused him to "suspend that part of the mandate which ordered your respondent to turn said money over to said O. A. Brictson (from whom it was received as treasurer of the company) until the said matters and things set forth in said petition of intervention could be inquired into."

Is the showing made by respondent in his return sufficient? We think not. The situation cannot be compared in any respect to cases (of which there are many) in which a court on the proper exercise of its functions finds itself in possession of a fund which cannot be disposed of until the conflicting rights of various claimants thereto are heard and determined. Under those circumstances, new claimants to an interest in the fund may, on proper showing, be admitted and heard after appeal and action thereon. But here the property and fund in question was taken and held without right, and justice demands that restoration to the lawful owner be made, so that the wrongful taking in the first instance be not perpetuated. This court, in Hawes v. Bank, 229 Fed. 51, 143 C. C. A. 645, had under consideration a case in which it was held that the lower court had no jurisdiction, hence the receivership was illegally procured; and it was said:

"Courts may not seize property without jurisdiction, and then claim jurisdiction over the property because it is in the possession of the court."

See, also, Baltimore B. & L. Ass'n v. Alderson, 90 Fed. 142, 32 C. C. A. 542.

Chief Justice Bleckley puts it convincingly in Caswell v. Bunch, 80 Ga. 124, 7 S. E. 270, thus:

"Property left in the hands of a receiver after the bill has been dismissed for want of jurisdiction, ought to be restored to whom? To the party from whom the receiver took it. That is about the least that anybody can do upon a bill that was filed without jurisdiction—to let matters go back in the state in which they were when the unfortunate bill commenced. It would seem to make no difference that the opposite party had good claim of right to the possession. He ought to be left to litigate that thing, and not get the possession upon a bill that was entertained without jurisdiction, and that too, after it has been dismissed."

Furthermore, Equity Rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii) requires that intervention shall be "in recognition of the propriety of the main proceeding." It is difficult to understand how the propriety of the main proceeding in the suit of Close et al., even if it were still pending, could have been recognized by any one after this court had decided that that proceeding was not only improper but wholly insufficient as a basis for any action or relief, on the ground that a court of equity had no jurisdiction over the subject-matter. That proceeding was a nullity, and could be recognized only as a nullity. Certainly the main proceeding cannot be said to have been taken in consonance with established principles. Its propriety is not apparent to us, and we are not advised as to just how respondent came to view it in that light. We conclude that no reason is shown why respondent should not have complied fully with the mandate, in entering the orders which it required. When he is advised of the views here expressed he will, doubtless, at once comply, and there will be no occasion to issue the writ; but on his failure to do so within a reasonable time it will be directed that the writ issue.