## NICHOLSON v. WESTERN LOAN & BUILDING CO. et al.

### No. 6745.

Circuit Court of Appeals, Ninth Circuit.

Aug. 16, 1932.

O'Melveny, Tuller & Myers and Walter K. Tuller and Albert Parker, all of Los Angeles, Cal., for appellant.

Bicksler, Smith, Parke & Catlin, of Los Angeles, Cal., and Ingebretsen, Ray & Rawlins, of Salt Lake City, Utah, for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Reversal is sought by the receiver of an order of the District Court granting permission to appellee Western Loan & Building Company to foreclose its trust deed pursuant to the terms thereof on a certain apartment.

The receiver, by consent of the debtor, was appointed at the suit of a general creditor alleging indebtedness to itself in the sum of $3,062.40, and to various other persons in the sum of $2,362,900, included in which were first mortgage notes to appellee of $1,485,000, second mortgage trust deed notes, $413,700 to another. The value of the property, it is alleged, is $3,482,625, comprising sixteen apartments, nine of which are partially constructed; that the properties of the defendant had a value greatly in excess of indebtedness. The appellee was not a party to the proceeding.

...es went into the custody of the rece... ...d on petition he was granted permission to take from the appellee Western Loan & Building Company the unpaid balance of the funds to use for the completion of the apartments, as provided by the terms of the loan agreement. The general creditors, the receiver, and the second trust deed holders collaborated and co-operated with each other for the purpose of administering the equity in this estate.

The record discloses that the appellee paid all of the sums agreed under its loan agreement secured by its first mortgage. By agreement between the general creditors, the owners, and the second mortgage or trust deed holders, all of the properties were disposed of, except the apartment involved in this proceeding. All of the conditions of the Western Loan & Building Company trust deed were complied with, including the payment of interest until the default hereinafter noted, and at no time was the priority of the mortgage questioned. Prior to the filing of the petition for leave to foreclose, default was made of the conditions of the trust deed, and the court, after considering the petition and argument of counsel, granted the petition to foreclose. To the "order an exception is noted in favor of the receiver herein."

The property was duly foreclosed pursuant to the provisions of the trust deed and the laws of California, and thereafter upon the petition of the Western Loan & Building Company, the court entered an order, so far as pertinent, as follows: "And it appearing that pursuant to Notice heretofore given, the real property hereinafter described, was on the 2nd day of December, 1931, sold at public auction, and purchased at said Trust Deed sale by Western Loan and Building Company, a corporation, and that at the chattel mortgage foreclosure sale the furniture, furnishings and equipment in said apartment house was purchased by the Western Loan and Building Company, a corporation, and by reason of said sales,  *  * * (the) Receiver of the defendant corporation, has no longer any right, title, interest or equity of redemption in and to the hereinafter described real property, or in and to any of the personal property situate thereon." And then ordered that the "receiver be and is hereby ordered and directed to surrender up and release possession to the Western Loan & Building Company, a corporation, all of the following described property, together with all the furniture, furnish-

ings and equipment therein contained * * *." And then follows a description of the property. To this order no exception was taken, and the order was approved as to form by the attorneys for the receiver. It is thus judicially determined that the receiver had no equity in the property. The order entered by the court was clearly an exercise of judicial discretion, so far as the receiver is concerned. American Manganese Steel Co. v. Alaska Mines Corp. (C. C. A.) 250 F. 614; Milwaukee & Minn. R. Co. v. Soutter, 154 U. S. 540, 14 S. Ct. 1158, 17 L. Ed. 604. The receiver had no greater right in the property than the defendant corporation possessed, Odell v. H. Batterman Co. (C. C. A.) 223 F. 292, at page 297, and no right of appeal is open to the receiver; no equity being disclosed or discretion abused. It must be assumed, upon the record, that the court so concluded, and it would have been an abuse of discretion to decline permission to sue the receiver. Odell v. Batterman Co., supra.

No report of the receiver appears in the record showing that the equity had value. The receivership, in its true light, was a "friendly receivership" to foster the equity of the defendant in its properties, claimed to be $1,119,725, to forestall the normal process of subjecting the equity of a tottering enterprise to the payment of creditors in due course. The function of the receivership was for conservation of the equity, and the court permitted the receiver a practically "free hand" in collaboration and co-operation with the general creditors and junior trustee grantees in administering the equity.

The integrity and priority of appellee's mortgage at no time was challenged. It was a stranger to all the creditors' meetings or doings and to the court proceedings. The credits extended were not inspired by appellee nor extended to the receiver by permission or order of the court. No credits were necessary for preservation of the res, but rather as necessities for the development and making available the equity. No interest to the Western Loan & Building Company or to the common good was served by this receivership. There was no acquiescence or silence of the loan and building company when it was its duty to speak, or to any indication of approval or willingness to subject its first mortgage to any charges. It would be obnoxious to good conscience and taking property of the loan company without due process, to subject the first mortgage to charges and expenses in the receivership,

upon the facts disclosed in the record. The court had no power to authorize expenses for improving the property or carrying on the business of the corporation at the expense of the prior lienholder, without the sanction of such first mortgage lienholder. Baltimore Building & Loan Ass'n v. Alderson (C. C. A.) 90 F. 142. The appointment of the receiver did not transfer or change the title nor the right of possession, but merely placed it in the custody of the court. Union National Bank of Chicago v. Kansas City Bank, 136 U. S. 223, 10 S. Ct. 1013, 34 L. Ed. 341. And the receiver had no power without previous direction of the court. Cowdrey v. Galveston H. & H. R. Co., 93 U. S. 352, 23 L. Ed. 950; International Trust Co. v. Decker Bros. (C. C. A.) 152 F. 78, at page 82, 11 L. R. A. (N. S.) 152.

Neither the rule, nor reason applicable to receiverships for public utility concerns, where the primary purpose is for the common good, have application here.

What has been said clearly shows that the court's discretion in permitting the foreclosure was not abused, and its decision is affirmed.