**ROBBINS v. NEWBERG et al.**

**SAME v. DEVINE et al.**

Nos. 7997, 8022, 7991.

Circuit Court of Appeals, Ninth Circuit.

Sept. 21, 1936.

Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., and Carl Dreutzer, of Chicago, Ill., for appellant.

O. D. Cochran, of Nome, Alaska, for appellees Newberg and Devine.

William A. Gilmore, of Seattle, Wash., for appellee Cordovada Gold Dredging Co.

Before WILBUR and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

There are three appeals involved in this case. Since they involve the same parties and the same subject-matter, they will be considered together.

Appeal No. 7997 combines two appeals. One is from the order of the trial court in Reinhold Newberg v. Cordovado Gold Dredging Company appointing John F. Devine, of Nome, Alaska, receiver of the placer mining claims and the personal property used in mining said claims belonging to the defendant Cordovado Gold Dredging Company, with power to operate said mining property and to conserve the proceeds of said mining to be distributed and disposed of under the further orders of the court. This order appointing the receiver was entered July 1, 1935, and was made upon motion of Reinhold Newberg, a simple contract creditor; the defendant Cordovado Gold Dredging Company having consented to the motion. The other appeal, in No. 7997, is from an order made the same day (July 1, 1935) authorizing John F. Devine, the receiver, to borrow an amount not to exceed $5,000 to meet his necessary expenses in carrying on such mining opera-

tions and to issue receiver's certificates for the amounts borrowed. The certificates were to be repaid from the first proceeds of the mining operations and to be prior and preferred claims against the property of the Cordovado Gold Dredging Company.

On July 10, 1935, appellant was granted leave by the trial court to intervene in this action and to file therein his proposed complaint in intervention. In this proposed complaint, which appellant served on the defendant and the plaintiff in the action, it was alleged that appellant has a mortgage upon all the real and personal property of the Cordovado Gold Dredging Company involved in the receivership.

Appeal No. 7991 is from an order "appointing and continuing receiver," subject to "all orders heretofore and hereafter entered in said Newberg case" (No. 7997). This order was based upon a suit commenced July 23, 1935, by Devine against A. V. Cordovado, A. F. Wright, Percy A. Robbins, and Cordovado Gold Dredging Company, to foreclose certain deeds which he claims to be mortgages, given as security for $40,000 loaned to Cordovado while the latter was owner of the property. The order appealed from was made on the written stipulation of plaintiff John F. Devine, and defendants A. V. Cordovado, A. F. Wright, and Cordovado Gold Dredging Company, in that suit.

The orders entered in the above cases (Appeals No. 7997, 7991) appointing Devine receiver, and authorizing him to issue receiver's certificates, were made without notice to the appellant although he was a defendant in the suit commenced by Devine July 23, 1935.

Appeal No. 8022 is from the order of the District Court denying the motion made by appellant to vacate and set aside the above mentioned order of July 1, 1935, appointing Devine receiver.

Appellees Reinhold Newberg et al., and John F. Devine et al., in their joint brief covering all three appeals, contend that appeal No. 7991 and appeal No. 7997 should be dismissed for want of jurisdiction because the intervener did not submit to the trial court his objections to the appointment of the receiver or the order authorizing the issuance of the receiver's certificates. Appellees' contention is that appellant should have moved to vacate the orders in the above case and have appealed from the denial of his motion as he did in case No. 8022. Consequently, appellant contends

that the only question properly before this court is the appeal No. 8022 from the order denying the motion to vacate the order of July 1, 1935, appointing Devine receiver.

■ The orders appointing the receiver in the case at bar were made upon a hearing at which the defendant corporation appeared and consented to the orders. These orders were appealable. 31 Stat. 660, as amended, 28 U.S.C.A. § 227; Pacific Northwest Packing Co. v. Allen (C.C.A.) 109 F. 515; Joseph Dry Goods Co. v. Hecht (C. C.A.) 120 F. 760; Marion Mortgage Co. v. Edmunds (C.C.A.) 64 F.(2d) 248; Mitchell v. Lay (C.C.A.) 48 F.(2d) 79. The question of whether the court should authorize the issuance of receiver's certificates to be a prior lien on the property was presented to the court at the same time, and the order of the court authorizing such certificates was appealable because final. 28 U.S.C.A. § 225 (a); Krietmeyer v. Hemphill (C.C. A.) 19 F.(2d) 513. The appellant, having intervened, had the right to attack the validity of the orders affecting his interest [Automobile Brokerage Corp. v. U. S., 59 App.D.C. 243, 39 F.(2d) 288], either by an appeal from the orders if taken in time, or by moving the court to vacate the orders with the right to appeal from an adverse ruling thereon. Mitchell v. Lay, supra.

■ The appellant contends that the court had no jurisdiction to appoint a receiver upon the application of a simple contract creditor. On the other hand, the appellees contend that although this is the general rule, the Code of Alaska authorizes the appointment of a receiver in the case of a corporation on the verge of insolvency. Section 3335, Comp.Laws Alaska 1933. It is unnecessary to determine the scope and effect of this statutory provision, which by its terms refers to other statutes not called to our attention by the parties, or the question of whether the court should have appointed the receiver either upon the application of a simple contract creditor with the consent of the corporation, or upon the application of an alleged mortgagee with the consent of the corporation, for the reason that the appellant is in no position to attack such an appointment. The appellant concedes and contends that a mortgage creditor is not entitled to the possession of the mortgaged property or to have a receiver appointed "to mine the property to obtain funds to be applied on his alleged mortgaged indebtedness" until the mortgage has been foreclosed. Section 3771,

Comp.Laws Alaska 1933. See, also, decision of this court in Couper v. Shirley (C. A.) 75 F. 168, where a statute of Oregon similar to the statute of Alaska applicable in the case at bar was considered. This contention is advanced by appellant to show that the court erred in appointing the receiver in the action brought by Devine to foreclose the deeds given him as security. (Appeal No. 7991.) We may assume, then, that the appellant is not entitled to the possession of the mortgaged property, nor entitled to have a receiver appointed at his request. But see Pacific N. W. Packing Co. v. Allen et al. (C.C.A.) 109 F. 515. If this is true, it is difficult to see how the appellant is injured by the appointment of a receiver at the instance of the corporation. It had a right to surrender the possession of its property to any one by lease or otherwise, and the possession of the receiver is no more injurious to the mortgagee than that of some other person.

■ Appellant contends that the appointment of a receiver was made to delay him in his right to foreclose and that said appointment is in substance and effect an injunction against him enjoining him from prosecuting an action to foreclose his mortgage, "and from joining in said action, an action to recover possession of the personal property." The appointment of a receiver does not prevent appellant from foreclosing his mortgage upon application to the trial court, or from applying to the trial court for possession of the mortgaged personal property if he is so entitled. Nicholson v. Western Loan & Bldg. Co. (C.C.A.) 60 F.(2d) 516; Minot v. Mastin (C.C.A.) 95 F. 734; MacGregor v. Johnson-Cowdin-Emmerich et al. (C.C.A.) 31 F.(2d) 270.

■ Appellant complains that the receiver can deplete the value of the property by extracting the gold therefrom, and that this constitutes waste. It is clear from the nature of the property that the mortgagor was entitled to mine the property. Indeed, the only way in which the title to the placer mining claims could be maintained was by annual assessment work, which consists in either developing or operating the mine. The direction of the trial court that the gold produced should be impounded for distribution on the order of the court places the appellant in a more favorable position than he was before the order was made, for he thus has the opportunity to present his claims to the gold before it is dissipated.

We conclude that the appellant is not injured by the orders appointing the receiver. A more serious question arises as to the right of the court to make the certificates of the receiver a lien on the mortgaged property prior to the lien of the appellant's mortgage.

We think it too clear for discussion that the court erred in making the certificates of the receiver a lien prior to appellant's mortgage. The proposed operation of the mine was speculative, and the parties whose rights were subordinate to the rights of the appellant should not be permitted to speculate upon his security and at his expense. Upon this general subject we content ourselves with the citation of a few decisions in which the rights of a court to appoint a receiver to continue business, or operate mortgaged property, are discussed. International Trust Co. v. Decker Bros. (C. C.A.) 152 F. 78, 11 L.R.A.(N.S.) 152; Baltimore Bldg. & Loan Ass'n v. Alderson (C. C.A.) 90 F. 142; Nicholson v. Western Loan, etc. (C.C.A.) 60 F.(2d) 516; MacGregor v. Johnson-Cowdin-Emmerich et al. (C.C.A.) 31 F.(2d) 270. The appellees insist that if the order had been attacked by the appellant in the lower court by a motion to vacate the order, they could have shown that assessment work was necessary to preserve the rights of all the parties and that the five thousand dollars expended as proposed would maintain the rights of the corporation, and, hence, of the appellant. Thus it is claimed it could have been shown that the appellant was benefited by the order in that it protected his mortgage lien. The difficulty with this proposition is that it insists upon the right of the court acting at the instance of the other parties to compel the appellant to pay for work that protects them because it also protects him. In short, the mortgagee is to be compelled to protect himself at the expense of his security in order that others who are unwilling to assume the hazard of the speculation may be protected by expenditures which are made liens upon the property prior to his lien. If these operations are unsuccessful in producing sufficient gold to pay the operating cost, the operations might result in the loss of appellant's security.

Appellant has the right to appeal from the order adverse to his interests authorizing the issuance of receivership certificates having priority over his mortgage if the record was such as to show his prior mortgage at the time the order was made. The order was appealable and he was a party to the action, whose interests were affected thereby. In the complaint of the contract creditor Newberg it was alleged that the appellant had a mortgage upon the entire property, that the mortgagor was in default, and that he was threatening foreclosure as to both real and personal property. Hence, it appears that the court was fully advised of the existence and priority of the appellant's mortgage and that the primary purpose of the action was to delay and defeat the efforts of the appellant to enforce his lien, as he had a right to do. Under these circumstances, the priority order was erroneous as shown by the record upon which it was predicated. The personal property was essential to the operations of the mine by hydraulic methods and principally valuable for that purpose, but that is no reason for an order withdrawing such property from foreclosure by appellant. Gutterson & Gould v. Lebanon, etc. (C.C.) 151 F. 72, 74.

We conclude that the orders appointing a receiver did not injure the appellant and should be affirmed. The order giving priority to receiver's certificates over the appellant's mortgage was erroneous. The orders appointing a receiver are affirmed; the order permitting the operation of the mine and the issuance of priority certificates is modified by providing that such certificates shall be subject to the appellant's mortgage.

As the mining season in which the expenditures were to have been made has passed, and as we are not advised as to what has been done under the order, our decision is without prejudice to subsequent orders concerning the receivership not inconsistent with the appellant's right to a lien on the property.

GARRECHT, Circuit Judge, who sat in this case, has not participated in the decision.