An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SECURED ASSETS BELVEDERE TOWER, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND BELVEDERE TOWERS OWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION,
Appellants,
vs.
TAMMI DAVIS, AS WASHOE COUNTY TREASURER; AND U.S. BANK NATIONAL ASSOCIATION,
Respondents.

No. 63175

FILED

APR 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying judicial review of the Washoe County Treasurer's distribution of excess tax sale proceeds. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

In 2006, Belvedere, LLC, executed a deed of trust in favor of a bank to secure a loan. Respondent U.S. Bank National Association then acquired the bank's interest in the loan and the deed of trust. In 2009, a receiver was appointed to manage Belvedere's property. The receiver issued multiple receiver's certificates, including one that was subsequently acquired by appellant Secured Assets Belvedere Tower, LLC (SABT). In 2011, respondent Washoe County Treasurer sold Belvedere's property at a tax sale.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-12965

After the tax sale, SABT and U.S. Bank each sought the excess tax sale proceeds.[1] SABT requested the excess tax sale proceeds as the holder of the receiver's certificate. U.S. Bank requested the excess tax sale proceeds as both the holder of other receiver's certificates and as the beneficiary of a deed of trust. Concluding that excess tax sale proceeds could be remitted to the beneficiary of a deed of trust, but not to the holder of a receiver's certificate, the Treasurer remitted all of the excess tax sale proceeds to U.S. Bank and denied SABT's request for the proceeds.

SABT then filed a petition for judicial review of the Treasurer's denial of its request for the excess tax sale proceeds. The district court denied SABT's petition because it concluded that U.S. Bank's deed of trust had priority over SABT's receiver's certificate. SABT now appeals.

*The district court correctly determined that U.S. Bank's deed of trust had priority over SABT's receiver's certificate*

SABT argues that the district court erred by determining that U.S. Bank's deed of trust had priority over the receiver's certificate because U.S. Bank waived the priority of its deed of trust by seeking a receivership and by drafting the order appointing a receiver.[2]

---

[1]Belvedere Towers Owners Association (BTOA) also sought excess tax sale proceeds. While this appeal was pending, BTOA settled its claims against U.S. Bank relating to the distribution of these proceeds, and a stipulated dismissal was entered. In light of this dismissal, we do not address the issues raised by BTOA in this matter.

[2]By failing to raise the argument in its opening brief, SABT waived its argument that U.S. Bank is judicially estopped from arguing that it did not waive the priority of its deed of trust. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. ___, ___ n.3, 252 P.3d 668, 672 n.3 (2011).

*Standard of review*

We review an agency's legal determinations and the interpretation of a promissory note de novo. *Harrah's Operating Co. v. State, Dep't of Taxation*, 130 Nev. ___, ___, 321 P.3d 850, 852 (2014) (reviewing an agency's legal determination de novo); *Redrock Valley Ranch, LLC v. Washoe Cnty.*, 127 Nev. ___, ___, 254 P.3d 641, 647-48 (2011) (reviewing issues of contract interpretation de novo); *Key Bank of Alaska v. Donnels*, 106 Nev. 49, 52, 787 P.2d 382, 384 (1990) (applying principles of contract interpretation to promissory notes).

*U.S. Bank's deed of trust was recorded first, so it had priority over the receiver's certificate*

A lien's priority is generally based on the date which it was recorded. *See In re Wilson's Estate*, 56 Nev. 500, 501, 56 P.2d 1207, 1208 (1936) (stating that recorded conveyances "impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice" (internal quotations omitted)); *cf.* NRS 111.325 (providing that unrecorded conveyances are void against subsequent recorded conveyances to bona fide purchasers for value). U.S. Bank's deed of trust was recorded before SABT's receiver's certificate was recorded. Therefore, the deed of trust has priority over the receiver's certificate unless the deed of trust was subordinated to the receiver's certificate.

*The receivership and the receiver's certificate did not subordinate U.S. Bank's deed of trust*

A "receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment, and does not divest a lien previously acquired in good faith." *State ex rel. Irving Nat'l Bank v. Second Judicial Dist. Court*, 47 Nev. 86, 93, 217 P. 962, 963 (1923); *see*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*also Cal. Nat'l Bank of Sacramento v. El Dorado Lime & Minerals Co.*, 2 P.2d 785, 786 (Cal. 1931) ("A receiver takes control of property subject to all existing interests."). Thus, a receiver's certificate does not automatically take priority over a preexisting deed of trust. *See Robbins v. Newberg*, 85 F.2d 754, 757 (9th Cir. 1936) (holding that a receiver's certificate did not take priority over an existing mortgage). Therefore, neither the existence of the receivership nor the receiver's certificate affected the priority of U.S. Bank's deed of trust because it predated both.

*U.S. Bank did not waive the priority of its deed of trust*

Waiver is "the intentional relinquishment of a known right." *Merrill v. DeMott*, 113 Nev. 1390, 1400, 951 P.2d 1040, 1046 (1997). A party may implicitly waive a right by "engag[ing] in conduct so inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished." *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007).

Petitioning for a receivership does not implicitly waive the priority of a lien against a property because this action can be consistent with preserving a lienholder's interest in a subsequent satisfaction of its lien. *See Anes v. Crown P'ship, Inc.*, 113 Nev. 195, 199, 932 P.2d 1067, 1069 (1997) (observing that one purpose of appointing a receiver is to "preserve [a receivership estate's] value for the benefit of the person or entity subsequently determined to be entitled to the property"). Furthermore, drafting a proposed order does not constitute a waiver of a right. *See, e.g., In re Oil Spill by Amoco Cadiz off Coast of France on March 16, 1978*, MDL No. 376, 1988 WL 2796, at *2 (N.D. Ill. Jan. 14, 1988) (stating that drafting a proposed order does not waive a right to challenge the ruling); *see also In re Bahn*, 13 S.W.3d 865, 875 (Tex. App. 2000) (same). Thus, neither seeking the appointment of a receiver nor

Supreme Court
OF
Nevada

(O) 1947A

4

drafting a district court's order appointing a receiver constitutes a waiver of a right.

The fact that U.S. Bank petitioned for a receivership and drafted the district court's order appointing a receiver does not demonstrate that it intended to waive the priority of its deed of trust. Thus, U.S. Bank's deed of trust retained priority over SABT's receiver's certificate.[3] As a result, the district court did not err in denying SABT's petition for judicial review.[4] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[3]Since U.S. Bank's deed of trust had priority over SABT's receiver's certificate, we decline to address whether the holder of a receiver's certificate is eligible to recover excess tax sale proceeds under NRS 361.610.

[4]We have considered the parties' remaining arguments and conclude that they are without merit.

cc: Hon. Janet J. Berry, District Judge
Wm. Patterson Cashill, Settlement Judge
Cecilia Lee, Ltd.
Woodburn & Wedge
Snell & Wilmer, LLP/Tucson
Washoe County District Attorney/Civil Division
Snell & Wilmer, LLP/Las Vegas
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A