AMERICAN ENGINEERING CO. v. METROPOLITAN BY-PRODUCTS CO., Inc. (three appeals).

In re LEWIS & KELSEY.

(Circuit Court of Appeals, Second Circuit. June 23, 1921.)

No. 253.

1. Appeal and error ⬤═80(1), 82(2)—Leave to apply for further relief does not prevent finality of decree.

Leave to apply at the foot of a decree in receivership proceeding for further relief is very usual, and does not prevent the decree from being final, or an order modifying the decree from being appealable.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Receivers ⬤189—When allowance of attorney's fees permitted.**

The only proper cases that can arise where courts of equity in receivership proceedings can award compensation to an attorney out of funds due others than his client is where such an attorney for one of a class has created or secured a fund and brought it into the custody of the court, which fund is to inure, not alone to the benefit of his client, but to that of all those belonging to this class; an allowance in such cases not being on the theory of an attorney's lien, but on the theory that all interested in the fund should contribute ratably to the cost of creating or securing it.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the American Engineering Company against the Metropolitan By-Products Company, Inc. In the matter of the application of Lewis & Kelsey for an accounting after appointment of a receiver. From a decree in favor of the applicant, the Title Guarantee & Trust Company, as trustee, the Columbia Trust Company, as trustee, and Frank Bailey, and others, as a committee of bondholders and preferred note holders, appeal. Modified and affirmed.

See, also, 267 Fed. 90; 275 Fed. 34.

Davison & Underhill, of Brooklyn, N. Y. (Alfred T. Davison and Harold C. McCollom, both of New York City, of counsel), for appellants Columbia Trust Co. and Bailey and others.

Oscar A. Lewis and A. Bertron Reed, both of Brooklyn, N. Y., for appellant Title Guarantee & Trust Co.

Deiches & Goldwater, of New York City (Robert H. McCarter, of Newark, N. J., and Maurice Deiches, of New York City, of counsel), for appellant Davis.

Lewis & Kelsey, George Gordon Battle, and Frederick T. Kelsey, all of New York City, for appellees Lewis & Kelsey.

Lewis & Kelsey, of New York City (Frederick T. Kelsey and Wallace T. Stock, both of New York City, of counsel), for appellee Moffetty.

John P. O'Brien, Corp. Counsel, of Brooklyn, N. Y. (John F. O'Brien and Josiah A. Stover, both of New York City, of counsel), for appellee city of New York.

Shearman & Sterling, of New York City (William W. Lancaster and James A. Stevenson, Jr., both of New York City, of counsel), for appellee International Bank.

Ferdinand I. Haber, of New York City, for appellee Cobwell Corporation.

Charles A. Brodek, of New York City, for committee of general creditors.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. The question to be disposed of arises in an ordinary receivership in equity of the Metropolitan By-Products Company, Inc., in the United States District Court for the Eastern District of New York. A fund of $202,000 was deposited with the Central

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Union Trust Company, trustee, as collateral to secure the New York Sanitary Utilization Company for the performance by the Metropolitan Company as lessee, of its covenants in a lease of the Sanitary Company's garbage plant at Barren Island, N. Y. Any surplus remaining after the claims of the Sanitary Company will go to prior lien claimants.

Prior lien claimants were as follows: (1) Title Guarantee & Trust Company as trustee under the first mortgage of the Metropolitan Company dated July 2, 1916, to secure an issue of $1,000,000 of bonds, by Oscar A. Lewis, Esq. (2) Holders of certain preferred notes of the Metropolitan Company to the amount of $290,000, by Davison & Underhill, Esqs. (3) Columbia Trust Company as substituted trustee under a mortgage of the Metropolitan Company dated September 1, 1917, for $359,200 of bonds outstanding, by Davison & Underhill, Esqs., and Cullen & Dykman, Esqs. (4) The International Bank, relying on an agreement to be given receivers' certificates to secure the unpaid balance of $30,000 of a loan to the receivers, by Shearman & Sterling, Esqs. The city of New York, holder of receivers' certificates in the amount of $33,000, by the corporation counsel. (5) The receivers' creditors by Lewis & Kelsey, Esqs., attorneys for the receivers.

As a result of our opinion in 267 Fed. 90, there is a surplus of about $128,000.

Applications were made to the District Court by Mr. Oscar A. Lewis, Messrs. Davison & Underhill and Cullen & Dykman for allowances out of the fund for their services and expenses. August 27, 1920, the District Court awarded to Mr. Lewis $4,000, to Messrs. Davison & Underhill $15,141.14, to Messrs. Cullen & Dykman $3,117.90. November 17, 1920, upon an application by Messrs. Lewis & Kelsey as attorneys for the receiver, the court modified its decree of August 27 by adding an award to them of $15,000. These are appeals from that order.

[1] It is said that because the District Court reserved at the end of its decree of August 27th jurisdiction as to matters not therein disposed of, this award to Lewis & Kelsey is not final or appealable. But leave to apply at the foot of a decree for further relief is very usual, and does not prevent the decree from being final (French v. Shoemaker, 12 Wall. 86, 20 L. Ed. 270), or the order from being appealable (Farmers' Loan & Trust Co., petitioner, 129 U. S. 206, 9 Sup. Ct. 265, 32 L. Ed. 656; Odell v. Batterman Co., 223 Fed. 292, 138 C. C. A. 534.

[2] The attorneys for these various claimants were seeking to reduce the claim of the Sanitary Company upon the fund and so increase the surplus, each for the benefit of his own particular client and for no one else. There was not in any case a representative proceeding in which one party creates or preserves a fund not only for his own benefit but also for the benefit of others similarly situated, who, having received the benefit of the proceeding, ought in equity to contribute to the payment for those services. It is a misnomer to speak of these attorneys as either creating or preserving a fund, at least for the benefit of anybody else than their own clients. The fund existed to the knowledge of every one, and the only question was which of the competing

claimants was entitled to it. And this could not be known until a final distribution. Otherwise every one who had spent time and study in preparing a brief or in cross-examination of witnesses or in objecting to the special master's report and the decree of the District Court as to this fund would be entitled to compensation out of it whether his client were ultimately found to have any interest in it or not. In point of fact neither the Title Guarantee & Trust Company as trustee nor the Columbia Trust Company as trustee have been awarded anything out of this fund, as may be seen from our opinion upon appeal from the final decree handed down herewith. No such allowances are proper in the federal courts. The circumstances under which courts in equity and bankruptcy may allow compensation to an attorney out of a fund in the hands of the court for distribution are well expressed by Judge Dayton in Re Gillaspie (D. C.) 190 Fed. 88, as follows:

"The only proper cases that can arise where courts of equity and bankruptcy as well can award compensation to an attorney out of funds due others than his client is where, as I have heretofore indicated, such an attorney for one of a class has 'created' or secured a fund and brought it into the custody of the court, which fund is to inure, not alone to the benefit of his client, but to that of all those belonging to this class. In such cases the courts award compensation to the attorney out of the fund due to all, not on the theory of his having an attorney's lien, but on the broader theory that all interested in the fund should contribute ratably to the cost of 'creating' or securing it. These principles are very clearly set forth in Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Central R. R. v. Pettus, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915; Harrison v. Perea, 168 U. S 311, 18 Sup. Ct. 129, 42 L. Ed. 478; Jefferson Hotel Co. v. Brumbaugh (4th Circuit) 94 C. C. A. 279, 168 Fed. 867."

It is fair to say that this reduction of the Sanitary Company's claims was due to the efforts of Messrs. Davison & Underhill and Cullen & Dykman. Messrs. Lewis & Kelsey must look for their compensation to property actually coming into the hands of the receiver. The decree, modified by striking out this allowance, is affirmed without costs to either party.