**AMERICAN ENGINEERING CO. v. METROPOLITAN BY-PRODUCTS CO.,
Inc. BAILEY et al. v. GARVIN, District Judge. MOFFETT v. SAME.**

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

1. Appeal and error ⬦1199—Former decree held to prevent reopening of claims against receiver already adjudicated.

A decision on appeal from a decree directing the sale of corporate property on foreclosure of mortgages, and the distribution of the proceeds rendered after hearing in three suits, in the first of which a receiver was appointed at the request of general creditors, and in the other two of which foreclosure of mortgages was sought, that the court was without power to give general creditors of the receiver priority over the company's prior lien creditors without their express assent, though a charge

for actual preservation of the property from destruction or for insurance premiums might be given a preference, and directing the court below to enter a decree in accordance with the opinion, did not authorize the court to enter a decree permitting the creditors who had already proved their claims to offer proof that their claims were incurred for preservation of the property, so that it was error for the court to refuse a decree tendered by the lien creditors permitting application for priority on account of claims not already adjudicated, or disbursements for the preservation of the property from destruction, and to render a decree omitting the phrase "not already adjudicated."

2. Receivers ⊜154(1)—Have no preference for fees against fund in foreclosure suit in which they were not appointed.

Receivers appointed for a private corporation in a suit by a general creditor have no preference for their fees or the fees of their attorneys in the distribution of funds realized by foreclosure sale in other suits in which no receivers were asked, where the receivers' services were of no benefit to the mortgage lienholders.

3. Appeal and error ⊜1199—Receivers held not entitled to reopen claim for further proof as to services.

Where a decree giving receivers preference in the distribution of funds realized upon foreclosure sale in another suit was reversed because the services of the receivers resulted in no benefit to the mortgage lienholders, the receivers were not entitled to an opportunity to reopen the case for further proof as to the value of the services they rendered.

4. Mandamus ⊜4(1)—Issues when no other remedy is available, but not to subserve purpose of appeal.

The writ of mandamus is a prerogative writ, one of the highest known to our jurisprudence, and is issued when there is no other means of obtaining justice within the right of the petitioner; but it cannot be resorted to to serve the purpose of an appeal or writ of error.

5. Mandamus ⊜58—Not issued where decree below resulted from misapprehension of mandate which judge offered to correct.

A writ of mandamus will not be issued to compel the district judge to comply with the mandate of the Circuit Court of Appeals, where his return stated he had attempted to comply with the mandate as he understood it, and offered to modify his decree in any respect in which it did not conform to the mandate.

Three separate suits in equity were brought by the American Engineering Company against the Metropolitan By-Products Company, Inc., and by the Title Guarantee & Trust Company and by the Columbia Trust Company each against the Metropolitan By-Products Company, Inc., and others. On applications by Frank Bailey and others, as a committee of bondholders, and by George M. Moffett, as receiver, of the Metropolitan By-Products Company, Inc., for writs of mandamus against Edwin L. Garvin, District Judge, to require amendment of decrees in the above-entitled suits after a reversal therein and direction to enter new decrees in accordance with opinions of the Circuit Court of Appeals, Second Circuit, reported in 275 Fed. 34. Mandamus denied.

See, also, 267 Fed. 90; 275 Fed. 34, 40.

Davison & Underhill, of Brooklyn, N. Y., for petitioners Bailey and others.

Lewis & Kelsey, of New York City, for petitioner Moffett.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROGERS, Circuit Judge. Upon petition of George M. Moffett and upon a like application made on behalf of a committee of bondholders and preferred note holders, an order was issued on October 10, 1921, directing the Honorable Edwin L. Garvin, judge of the United States District Court for the Eastern District of New York, and the said United States District Court for the Eastern District of New York to show cause on a day named therein why a writ of mandamus should not issue as prayed; the purpose being to require the District Judge to insert in two decrees entered in said District Court on August 5, 1921, a certain provision hereinafter more fully referred to.

The order to show cause came in due time to be heard, and counsel representing all the various interests concerned appeared before us, and the matter was argued at length.

In announcing the disposition which we think should be made of the application for the writ it is necessary to refer to certain facts that the matter of this application may be better understood.

The United States District Court for the Eastern District of New York, acting on the application of the American Engineering Company, appointed receivers of all the property and assets of the Metropolitan By-Products Company on November 19, 1917. The court authorized the receivers to manage and operate the business of the Metropolitan Company and to continue the performance of its contract with the city of New York, which was a contract for the disposal of the garbage of the boroughs of Manhattan, the Bronx, and Brooklyn.

On September 27, 1918, the receiver petitioned for leave to discontinue the business, stating that he was unable to continue the business at a profit, and the business was discontinued. For some time prior to discontinuance the business had been carried on at a loss. But during the period the receivers were operating the plant they had borrowed considerable money with the approval of the court, and receivers' certificates had been issued under authority conferred by the court. The question then arose as to the power of that court to give to the holders of the receivers' certificates priority over prior lien creditors, and as to the rights of special and general creditors of the receivers and the general creditors of the Metropolitan Company.

On November 26, 1918, an order had been made and entered in the creditors' suit brought by the American Engineering Company against the Metropolitan By-Products Company, permitting the Title Guaranty & Trust Company to institute in the District Court as complainant a suit against the Metropolitan Company and others to foreclose a certain trust mortgage under which the said Title Guaranty & Trust Company was trustee. And a second foreclosure suit was also brought in the same court by the Columbia Trust Company against the Metropolitan Company.

The matters in controversy in these suits and the respective rights of the creditors were referred to a special master. On the coming in of his report the District Court entered an order decreeing the foreclosure of the mortgage, directed that the property of the Metropolitan Company be sold, fixed and determined the relative rank and priority of the various liens and charges affecting the property, and directed the

distribution of the proceeds of the sale in the manner set forth in the order. From that decree an appeal was taken to this court, and was determined by us in an opinion filed on June 23, 1921, 275 Fed. 34.

We held that the Metropolitan Company was a private, and not a quasi public, corporation, and that, being such, the lower court was without power to give the receivers' general creditors priority over the Metropolitan Company's prior lien creditors without their express consent. The lien creditors had a right to rely upon the liens they had contracted for. We held that debts contracted by the receiver, whether upon general credit or upon an express agreement with the receiver only for a lien prior to all other liens, were not entitled to priority; the theory being untenable that the indebtedness incurred was for the preservation of the property. And we indicated our belief that the indebtedness in this case was not incurred for the preservation of the property, but for the continued operation of the business, because the receivers believed it was about to become profitable. We indicated "that a charge for actual preservation (of the property) from destruction, as for watchmen," might be given a preference, "because such services could not in the nature of things be had on credit." A like intimation was made as to a charge for premiums of insurance if insurance could not be obtained except upon such terms.

The decree as entered was reversed, and the court below was directed to enter a decree in accordance with our opinion.

Thereafter the attorneys and solicitors for the respective parties noticed for settlement a decree purporting to correct, amend, and resettle the decree in the lower court in conformity with our opinion.

Thereafter, and on August 5, 1921, the District Judge entered two decrees, one in American Engineering Company v. Metropolitan By-Products Company, Inc. and one in Title Guaranty & Trust Company, as trustee, v. Metropolitan By-Products Company, Inc., no doubt intending that such decrees should in all respects conform with the decision of this court above referred to. At the time these new decrees of August 5th were settled counsel for the Columbia Trust Company proposed to the District Court decrees substantially the same as those entered except for a single paragraph in each of the decrees. The paragraph as proposed by counsel was as follows:

"Nothing herein contained shall prevent application at the foot of this decree on account of claims not already adjudicated for disbursements made solely for the actual preservation from destruction of the mortgaged property; but this court does not decide whether such claims, if any, should be allowed priority over the liens of the mortgages and preferred noteholders."

The court, however, modified the paragraph and made it read as follows:

"Nothing herein contained shall prevent application at the foot of this decree on account of claims for disbursements made solely for the actual preservation from destruction of the mortgaged property; such claims being hereby allowed priority over the liens of the mortgages and preferred noteholders."

Thereafter the receiver of the Metropolitan Company, believing that the decrees entered on August 5th did not in fact conform to this court's opinion, applied to one of the judges of this court for an order

requiring the District Judge to show cause before this court on a day and hour named why a writ of mandamus should not issue from this court directing him to correct and modify the decrees of August 5, 1921.

At the time the District Judge entered the modified decrees of August 5th, he stated that he did not know what this court intended to decide concerning the status of claims for actual preservation from destruction of the mortgaged property, but that he was inserting the provision last quoted for the reason that he conceived that there should be a definite adjudication that all such claims should be preferred even without proof of the facts and circumstances under which such claims arose.

The District Judge has misapprehended the opinion of this court. We did not undertake to decide the status of claims for actual preservation of the mortgaged property from destruction, and especially in the absence of proof that such preservation, whether by watchmen or by insurance, could not have been obtained except upon credit. And there was no such proof before us.

There was no intention on the part of this court to open up anew the adjudication of claims already adjudicated. The creditors have had their day in court, and they did not present any facts from which it could have been found that their claims were for actual preservation of the property from destruction, and no such claim was made either in the court below or in this court.

The above paragraph as proposed to the court by the counsel expressed the intention of this court as set forth in its opinion filed on June 23, 1921 (C. C. A.) 275 Fed. 40, and should have been incorporated in the decrees.

As no claims for actual preservation from destruction of the mortgaged property have been allowed priority, and therefore no decree has been entered by the District Court which is final so that an appeal can be taken therefrom the petitioners seek the writ of mandamus prayed for.

[1] The effect of the striking from the paragraph as submitted by the counsel for the Columbia Trust Company the words "not already adjudicated" is to permit the possible claim by all of the more than 100 creditors of the receivers whose claims were before this court when the case was heard by us, that their claims were for actual preservation, and thus open the way for a new adjudication of the claims. This certainly was not the intention of this court. Every one who had claims upon the foreclosure fund was duly cited to appear and file his claims. The creditors were heard before Judge Noyes, and their claims were all adjudicated on such evidence as they chose to present.

Under the opinion which this court filed the question left open was whether there were any charges of the nature of watchman's fees, which would be disbursements by the receiver that ought to have precedence over the liens. Some kinds of insurance might rank with watchman's fees. There had been no proof submitted that any of the insurance was of that kind. And this court had not the slightest intention

of ordering the taking of further proof and the reopening of the claims adjudicated.

The decrees as entered must be reopened and modified by amending paragraph 8 at the end thereof, so that it shall read as follows:

"Nothing herein contained shall prevent application at the foot of this decree on account of claims not already adjudicated for disbursements made solely for the actual preservation from destruction of the mortgaged property; but this court does not decide whether such claims, if any, should be allowed priority over the liens of the mortgages and preferred noteholders."

And such modification is hereby directed to be made.

[2] The receiver, appointed in the general creditors' suit, joins in an application for the mandamus because he thinks the District Judge misunderstood the decision of this court in that in the decrees of August 5, 1921, no priority was accorded to the receiver and his counsel for their fees. At the time he signed the decrees the District Judge stated that in his opinion this court meant to hold that the receiver and his counsel could not claim priority out of the foreclosure fund for their fees and expenses. In this the judge was not in error. No receivership was necessary to protect the lienors, and the latter did not request their appointment, and in fact had nothing whatever to do with it, and the receivership was at no time extended to the foreclosure suit. The services of the receiver and of his counsel were not beneficial to the security holders, and this court would have committed a serious error had it undertaken to provide for their payment out of the funds of the lienors. See Louisville, etc., Railroad Co. v. Wilson, 138 U. S. 501, 11 Sup. Ct. 405, 34 L. Ed. 1023; Spencer v. Taylor Creek Ditch Co., 194 Fed. 635, 114 C. C. A. 407; In re Benwood Brewing Co. (D. C.) 202 Fed. 326; Atkinson & Co. v. Aldrich-Clisbee Co. (D. C.) 248 Fed. 134; In re Regent's Canal, etc. (1875) C. A. 3 Ch. D. 411.

[3] If the receiver and his counsel when the case was in this court before did not present the matter of their claims as fully as they now think they should, the fact is no reason why the matter should be again reopened to enable them now to do so. They like the other creditors have had their day in court, and are, like them, concluded by our decision, which the District Court did not in the slightest degree misapprehend as respects them.

It is perhaps not undesirable that we should take this occasion to point out that in the opinion which this court rendered in these cases when they were before the court we were dealing with payment of claims out of a fund produced by a foreclosure sale. The question of the allowances to be made to a receiver and his counsel out of funds produced by operation of the receivership and in the course of its administration was not before us and was not decided. We think, too, that it was made apparent beyond mistake that we were dealing with the affairs of a private corporation, and not one of a quasi public character.

[4] We may be permitted to say that the writ of mandamus is a prerogative writ, and one of the highest known to our jurisprudence. It is issued where there is no other means of obtaining justice within the reach of the petitioner. It cannot be resorted to to subserve the

purpose of an appeal or writ of error. But it lies to compel a public officer to perform a duty arising out of his office, where the duty is ministerial and mandatory in its character. As the decrees which the District Judge entered were not thought to be final, and therefore not appealable, the writ of mandamus was applied for.

[5] In this case, however, the writ of mandamus will not be issued, and the application therefor will be denied. The refusal to issue it is due to the statement made by the District Judge in the return which he made to the order to show cause in which he informs the court that in entering the decrees as he did he intended to and believed that he had acted in accordance with the opinion of this court. He also informs the court that in the event that it is found that the decrees as entered do not conform to the opinion which the court rendered, and that decrees other than those signed should have been entered, indicating the change desired, he will forthwith take appropriate action.

For the reason stated, and for that alone, mandamus is denied.