## SHOOTERS ISLAND SHIPYARD CO. v. STANDARD SHIPBUILDING CORPORATION et al.

## UNITED STATES v. SAME (two cases).

(Circuit Court of Appeals, Third Circuit. February 27, 1925.)

No. 3027.

**1. Action ⬅⬤⮕56—Consolidation of actions is ordinarily within trial court's discretion.**

Consolidation of actions is ordinarily within trial court's discretion, and cannot be demanded as matter of right, except, perhaps, on showing of positive injury or denial of definite right.

**2. Action ⬅⬤⮕57(1)—Mortgagee held not entitled to consolidation of its foreclosure action with action by United States asserting prior lien.**

Mortgagee, suing shipyard company to foreclose mortgage, *held* not entitled to consolidate its action with action by United States asserting prior mortgage and tax liens.

**3. Action ⬅⬤⮕58—Motion to consolidate actions must be timely, and usually before trial.**

Motion to consolidate actions must be timely, and must usually be made before trial of either action is commenced.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, District Judge.

Separate suits by the Shooters Island Shipyard Company and by the United States against the Standard Shipbuilding Corporation and others. From an order denying its motion to consolidate the suits, the Shooters Island Shipyard Company appeals. Affirmed.

William St. John Tozer and White & Case, all of New York City (Jeremiah M. Evarts and Joseph M. Hartfield, both of New York City, of counsel), for appellant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J. (Chauncey G. Parker and John M. Emery, both of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This appeal grows out of matters reviewed in two opinions by this court, one filed this day and the other reported in 293 F. 706. Several suits instituted in the District Court are involved. The first was brought on a general creditors' bill against the Standard Shipbuilding Corporation; the next by Shooters Island Shipyard Company (with leave of the court) to foreclose a purchase money mortgage and supplementary mortgage against the same defendant. The United States Shipping Board Emergency Fleet Corporation was named as a party and, on appearing, filed an answer and cross-bill. It sought by its cross-bill to foreclose a mortgage which it held against the Standard Shipbuilding Corporation, asserting priority of lien. Thereafter the United States of America brought suit against the same corporation claiming, by force of the Merchant Marine Act of 1920 (Comp. St. Ann. Supp. 1920, §§ 8146¼–8146¼t), ownership of the bond and mortgage held by the United States Shipping Board. At about the same time it also brought an action against the Standard Shipbuilding Corporation for taxes. All these suits were in equity.

The action brought by Shooters Island Shipyard Company to foreclose a mortgage against the Standard Shipbuilding Corporation was consolidated with the action brought on the general creditors' bill against the same defendant. Later, the Shooters Island Shipyard Company moved to consolidate these suits with those instituted by the United States. From an order of the court denying the motion this appeal was taken and is based on the contention that, though ordinarily consolidation of suits is a matter for the discretion of the court, it was in this instance the duty of the court to consolidate them, and that in consequence the court's refusal was an abuse of its discretion.

The appellant seems to rest its case on a decision by the Circuit Court of Appeals for the Second Circuit in Providence Engineering Corporation v. Downey Shipbuilding Corporation, 294 F. 641, which had not been

decided at the time the court refused the motion for consolidation in the case at bar... We understand the questions raised and decided in that case but we are not able to see how they touch the matter of the exercise of judicial discretion in granting or refusing a motion to consolidate actions. In further support of its position, the appellant refers to the action by the District Court for the Eastern District of New York in consolidating suits by the same parties to foreclose the same mortgages against property in New York.

[1-3] The consolidation of actions is ordinarily within the discretion of the trial court. Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 292, 12 S. Ct. 909, 36 L. Ed. 706. It is done to expedite the hearing and diminish the expense of separate suits involving the same issues. Toledo, etc., R. R. Co. v. Continental Trust Co., 95 F. 497, 36 C. C. A. 155. It cannot be demanded by any of the parties as matter of right except perhaps on a showing that otherwise some positive injury would occur or some definite right would be denied. We do not think that the cloud on its title, which the appellant sees in the distance, is of this character. Moreover, an application to consolidate actions must ordinarily be made before the trial of either one is commenced. 1 Corpus Juris, 1134. Certainly the motion must always be timely. In this instance it was not made by the appellant until after the hearing in its own suit was well under way. Assuming without deciding that under some circumstances an order denying the consolidation of suits is one of such finality as to give this court jurisdiction on appeal, we cannot say that the learned trial court abused its discretion in making the order in question. Therefore it is affirmed.