## MacGREGOR v. JOHNSON–COWDIN–EM-MERICH, Inc., et al.

Circuit Court of Appeals, Second Circuit.
March 4, 1929.

No. 224.

White & Case, of New York City (Joseph M. Hartfield and Jesse E. Waid, both of New York City, of counsel), for appellant.

Hughes, Schurman & Dwight and Herkimer & Weis, all of New York City (Ralph S. Harris, Bert S. Herkimer, John Fletcher Caskey, and Joseph F. Sharp, all of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge. Johnson-Cowdin-Emmerich, Inc., is a New York corporation, for which receivers in equity were appointed on May 5, 1927. They qualified and were acting as such when, on March 13,

1928, the appellant, a trustee under a mortgage to secure bonds, petitioned the court for leave to foreclose the same because of a default in the terms of the mortgage. The petition asked to institute and prosecute an independent suit of foreclosure. The receivers appeared and contested. The application was granted conditionally on April 28, 1928. The order entered provided, among other things:

"That said suit in foreclosure be consolidated with this cause and that hereafter they proceed as one cause under the title of 'James S. MacGregor, Complainant, against Johnson-Cowdin-Emmerich, Inc., Defendant, in Equity, No. 41—204, Consolidated Cause,' and that the receivership of said Paul A. Salembier, Joseph F. Mann and E. Bright Wilson be and the same hereby is specifically extended to cover all interest and estate of said Johnson-Cowdin-Emmerich, Inc., in the property and assets described in said petition and that said receivers be and hereby are appointed receivers in said cause 'New York Trust Company, as Trustee, Complainant, against Johnson-Cowdin-Emmerich, Inc., and Others, Defendants,' of all property, assets and franchises subject to the lien of the mortgage referred to in said petition and be and hereby are vested with all the powers conferred upon them by the said decree of their appointment, dated May 5, 1927, in said cause of 'James S. MacGregor, Complainant, against Johnson-Cowdin-Emmerich, Inc., Defendant, in Equity No. 41—204': Provided, however, that this order shall not affect or impair any rights, legal or equitable, in respect to said property, of any of the parties to said foreclosure suit or of any other persons whomsoever existing at the time of the entry of this order, and shall not affect the rights, legal or equitable, of any person or corporation having in custody any of said property, and that the receivers of said property shall hold the same subject to the further order of this court."

The order further provided that the bond filed by the receivers shall extend to and cover the liability of the receivers in said foreclosure suit as if the bond had been filed in that cause upon the written consent of the surety in the bond that it shall so apply.

■ It is contended that the court was without power to deny to the trustee the right of foreclosure and that, in the extension of the receivership in consolidating the causes, the District Court imposed conditions which it had no power to impose, which would result in subjecting the funds to be obtained by the sale of the property under the foreclosure suit to the expenses of the receivership, including the compensation of receivers and their attorneys. The trustee, since there was a default in the mortgage, had the absolute right to foreclose, and on application made to the District Court, as custodian of the property on which the trustee held the mortgage lien, leave to proceed should have been granted. Gay v. Hudson River Electric Power Co. (C. C. A.) 184 F. 689; Odell v. H. Batterman Co. (C. C. A.) 223 F. 292.

■ Section 734 of the Judicial Code (28 U. S. C.; 28 USCA § 734) provides that, when causes of a like nature relative to the same question are pending before a court of the United States, the court may consolidate the said causes when it appears reasonable to do so. After the mortgaged property has been taken into the custody of a court of equity in an existing action for receivership, there is a recognized practice to consolidate the suits. Nolte v. Hudson Navigation Co. (C. C. A.) 297 F. 758; Providence Eng. Corp. v. Downey Shipbuilding Corp. (C. C. A.) 294 F. 641; Acme White Lead & Color Works v. Republic Motor Truck Co. (D. C.) 284 F. 580. The power to order a consolidation is discretionary. Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 12 S. Ct. 909, 36 L. Ed. 706; Shooter's Island Shipyard Corp. v. Standard Shipbuilding Corp. (C. C. A.) 4 F.(2d) 101. The court may not so limit this right of foreclosure as to deprive the appellant, as a lien creditor, of the full amount of its lien. General creditors may obtain no priority over prior lien creditors without their express consent. This rule prevails as to private corporations, as distinguished from public or quasi public corporations.

The appellant had the right to rely upon the lien granted to it by contract. American Engineering Co. v. Metropolitan By-Products Co. (C. C. A.) 275 F. 40. So where a private corporation's creditors ask for and have had receivers appointed without the aid of a mortgage creditor or trustee, the receiver may not issue certificates which would be a charge ahead of the mortgages. Bernard v. Union Trust Co. (C. C. A.) 159 F. 620, 16 L. R. A. (N. S.) 1118; Smith v. Shenandoah Valley Nat. Bank (C. C. A.) 246 F. 379. Benefits incidental to the continued conduct of the business are not sufficient to charge the mortgagee. Even benefits in the form of improvements and betterments are not chargeable to the mortgagee. Union Trust Co. v. Southern Sawmills & Lumber Co. (C. C. A.) 166 F. 193; Dana v. Atlantic Trust Co. (C. C. A.) 128 F. 209; Lackawanna

Iron & Coal Co. v. Farmers' Loan & Trust Co., 176 U. S. 298, 20 S. Ct. 363, 44 L. Ed. 475. In Seaboard National Bank v. Rogers Milk Products Co. (C. C. A.) 21 F.(2d) 414, we held that it was error for the order of sale to transfer the mortgage lien to the proceeds and that such funds should be paid to the lienors, subject only to the deduction of the actual expense of preserving the property and creating the fund by sale, and, furthermore, that the fund may not be charged with the general expenses of administering the estate.

■ It is immaterial that no general estate remains to compensate the receiver or trustee in bankruptcy or their attorneys where the fund realized is less than the amount of the valid encumbrance. The appointment of receivers vested in the court no such absolute control over the property or general authority to displace mortgage liens. Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Dana v. Atlantic Trust Co. (C. C. A.) 128 F. 209. The fund realized on the foreclosure proceedings under the mortgage is not one to which the receiver may look for compensation, in the absence of the consent to the receivership by the mortgagee, or its having derived some benefit therefrom. American Eng. Co. v. Met. By-Products Co. (C. C. A.) 280 F. 677; Spencer v. Taylor Creek Ditch Co. (C. C. A.) 194 F. 635.

■ As against third persons, asserting valid liens upon the property, and who are not parties to the receivership proceeding and never consented to their appointment, the compensation of the receiver and the expenses of the receivership, which have in no way inured to their benefit, should not be allowed as a proper charge upon the fund. Even if the receiver carried on the business and sold the property of an insolvent, he may not diminish the fund due creditors who are secured by prior liens. He must look to what remains as the property of the insolvent for his compensation.

■ Nor could the court appoint receivers in the foreclosure suit, because no such application was made. The trustee under the mortgage had the right at an appropriate time, if it was so advised, to apply for receivers.

The order below will be modified, by striking therefrom the provision for the appointment of the equity receivers as receivers in the foreclosure action; also the remaining provisions thereof, purporting to impose liability for the expenses of the receivers and their counsel, or the allowances or payment of compensation as a liability against the fund when recovered in such foreclosure suit.

As thus modified, the order is affirmed.